

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN
XXOXXXXXXXXXXXXRD
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable Ernest Guinn
County Attorney
El Paso County
El Paso, Texas

Dear Sir:

Opinion Number O-3954

Re: Water Control and Improve-
ment District Revenue Bonds.

We acknowledge receipt of your opinion request of September 9, 1941, wherein you ask the following questions:

"1. Where a Water Control and Improvement District has been properly organized under the provisions of Section 59 of Article 16 of the Constitution of the State of Texas, and purely revenue bonds have been issued under the provisions of Article 7880, Vernon's Civil Statutes, Subdivision 90a, can the property of a subscriber located within the district ever become liable for the payment of the bond?

"2. Where a Water Control and Improvement District has been organized and purely revenue bonds issued, as stated in Question No. 1, does the Board of Directors of the District have authority to compel any unwilling person to take the service whether they have adequate facilities of their own or not?

"3. Where the revenues become inadequate, what are the rights of the bondholders in compelling the Board of Directors to raise the rates for the services rendered?"

Article 7880-90a, Vernon's Annotated Civil Statutes, provides, in part, as follows:

"This section shall apply only to such water control and improvement districts as have adopted (or hereafter may adopt) a plan for improvements designed to furnish a water system, or a sewer system, or a water and sewer system (either by construction, or purchase, or purchase and construction), for service in areas, urban or industrial in nature, but not incorporated under the laws of Texas relating to the creation of cities, and which districts have, or have expectancy for, net revenues from operations (to exclude all income from ad valorem taxes, specific assessments of benefits or taxation upon the basis of dollars per acre, but to embrace all other income or revenues), in lieu of securing its bonds as provided in Section 90 (next foregoing), electively may provide for the payment of the same in any one of the following manners, to-wit: " * * * * 2--by entering into contracts for the pledge of the net revenues of the district, as hereinafter defined and provided for; * * * and: The expression 'net revenue', as used herein, shall be understood to exclude any money derived from taxation, but to include all income or increment which may grow out of the ownership and operation of the improvements or facilities produced by use of the money for which such bonds are given; less such proportion of the district's revenue income as reasonably may be required to provede for the administration, efficient operation and adequate maintenance of the district's service facilities; * * *".

The Supreme Court of Texas, in construing another revenue bond statute, in the case of the City of Dayton v. Allred, 68 S. W. (2d) 172, said:

"In other words, the holder of these bonds merely has a claim against the sewer system, the franchise, and the revenues of said system, and the water system. He can never have any claim against tax funds".

Therefore, your Question Number 1 is answered in the negative.

Under this plan of financing only the net revenues of such systems are pledged to the payment of the principal and interest of the bonds, and the holders of such bonds do not have the right to demand payment thereof from funds raised by taxation.

Your Question Number 2 is answered in the negative. We find no express provision in the Act which authorizes the Board of Directors of said district to require any person to subscribe to the service rendered by the district. It is our opinion that the Board is without authority to require any person to accept the service of the district. This is a matter to be handled by contract between the district and the purchaser of the water or sewer service.

In reply to your Question Number 3, we find no provision in the statutes covering this matter. In the absence of any express provision in the contract authorizing the revenue bonds setting out the rights of the bondholders, it is our opinion that their only remedy would be to compel the district to levy and collect reasonable rates sufficient to service the outstanding bonds.

Trusting that this answers your questions, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By    /s/ Claud O. Boothman
      Claud O. Boothman
                  Assistant

APPROVED SEP 19, 1941
/s/ Grover Sellers
FIRST ASSISTANT
ATTORNEY GENERAL

COB-s:mjs

APPROVED OPINION COMMITTEE
BY /s/ BWB CHAIRMAN